SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Owen Walter Keiper, | No. CV 09-1019-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Washington State Trial Judges, et al., | |
| Defendants. | |

Plaintiff Owen Walter Keiper, an Alaskan inmate confined in the Red Rock Correctional Center (RRCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.)[1] Plaintiff has also filed a motion for emergency consideration. (Doc.# 3.) The Court will deny the motion for emergency consideration and dismiss this action without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477, 489 (1994).

**I.    Complaint and Motion**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Under § 1983, a plaintiff may seek relief for federal constitutional violations by officials acting under color of state law. Plaintiff seeks injunctive relief as to his Alaska and Washington state convictions, sentences, and/or parole revocations. In the motion, Plaintiff seeks relief on the grounds urged in his Complaint.

///

---

[1] "Doc.#" refers to the docket number of filings in this action.

## II. <u>Heck v. Humphrey</u> Bar

A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction or sentence may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction or sentence because a prisoner's sole federal remedy to challenge the validity or length of his confinement is a petition for a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Docken v. Chase</u>, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil rights claim under § 1983 *does not accrue* unless or until the prisoner has obtained a "favorable termination" of the underlying conviction, parole or disciplinary action. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994); <u>Docken</u>, 393 F.3d at 1031. Under the "favorable termination" rule:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

<u>Heck</u>, 512 U.S. at 486-87. Without such a showing of a "favorable termination," a person's cause of action under § 1983 has not yet accrued. <u>Id.</u> at 489. The "favorable termination" rule has been extended to prisoner challenges to state disciplinary and parole procedures for damages where success thereon would "necessarily demonstrate the invalidity of confinement or its duration." <u>Osborne v. District Attorney's Office for 3d Jud. Dist.</u>, 423 F.3d 1050, 1053 (9th Cir. 2005) (citing <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005)); see <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997) (calculation of good time credits); <u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997) (parole revocation proceedings). The <u>Heck</u> bar has also been applied to § 1983 actions for declaratory or injunctive relief. See <u>Wilkinson</u>, 544 U.S. at 81-82 (noting that <u>Heck</u> applies to § 1983 requests for injunctive and declaratory relief *if* success in the action would necessarily demonstrate the invalidity of confinement or its duration); <u>Osborne</u>, 423 F.3d at 1053. Thus, success on any claim under § 1983 that would necessarily imply the invalidity or duration of confinement does not accrue "and may

- 2 -

1 not be brought" unless and until the underlying conviction, sentence, or parole decision is
2 reversed. Only then may a plaintiff properly seek relief pursuant to 42 U.S.C. § 1983.

3 In this case, Plaintiff seeks injunctive relief from his Alaska and Washington state
4 convictions, sentences, and/or parole revocations based on alleged violations of his
5 constitutional rights. Because success on Plaintiff's claims in this action would necessarily
6 undermine the validity of his convictions, sentences, and/or parole revocations, Plaintiff must
7 seek habeas review and obtain a "favorable termination" before he may seek relief pursuant
8 to § 1983.

9 Federal habeas relief pursuant to 28 U.S.C. § 2254 is the "exclusive vehicle" for a
10 state prisoner to seek relief from a state conviction in federal court. See White v. Lambert,
11 370 F.3d 1002, 1009-10 (9th Cir. 2004). Before a federal court may grant habeas relief,
12 however, a prisoner must first have exhausted remedies available in the state courts. See 28
13 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The federal court
14 will not entertain a petition for writ of habeas corpus unless each and every issue has been
15 exhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Olvera v. Guirbino, 371 F.3d 569,
16 572 (9th Cir. 2004) (district court may not consider a claim until petitioner has properly
17 exhausted all available remedies). When seeking habeas relief, the burden is on the habeas
18 petitioner to show that he has properly exhausted each claim. Cartwright v. Cupp, 650 F.2d
19 1103, 1104 (9th Cir. 1981) (*per curiam*). To exhaust claims, a prisoner must give the state
20 courts a "fair opportunity" to act on his claims, Castillo v. McFadden, 370 F.3d 882 (9th Cir.
21 2004), by describing both the operative facts and the federal legal theory so that the state
22 courts have a "'fair opportunity' to apply controlling legal principles to the facts bearing
23 upon his constitutional claim," Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). A
24 prisoner seeking to exhaust claims in state court before filing a federal habeas action should
25 diligently pursue his available state remedies to avoid application of the one-year limitation
26 period. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (applying § 2244(d) to
27 a habeas petition challenging a disciplinary order).

28

1    Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 1983 on the basis that his
2 Alaska and Washington state convictions, sentences, and/or parole revocations are
3 unconstitutional.  Because Plaintiff has not alleged or shown a favorable termination of his
4 state convictions, Plaintiff's claims in his Complaint have not yet accrued.  The Court will
5 dismiss the Complaint, deny the motion for emergency consideration, and dismiss this action
6 as barred under Heck v. Humphrey, 512 U.S. 477, 489 (1994).

**IT IS ORDERED:**

(1)  Plaintiff's motion for emergency consideration is **denied**.  (Doc.# 3.)

(2)  Plaintiff's Complaint and this action are **dismissed** without prejudice.  (Doc.# 1.)

(3)  The Clerk of Court must enter judgment accordingly.

DATED this 28th day of May, 2009.

_____
David G. Campbell
United States District Judge

- 4 -