SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Owen Walter Keiper, | No. CV 09-1019-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Washington State Trial Judges, et al., | |
| Defendants. | |

On May 11, 2009, Plaintiff Owen Walter Keiper, an Alaskan inmate then-confined in the Red Rock Correctional Center, a Corrections Corporation of America facility in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 with 60 pages of exhibits.[1]  (Doc. 1.)  Plaintiff also filed a motion for emergency consideration.  (Doc. 3.)  In an Order filed on May 28, 2009, the Court denied the motion for emergency consideration and dismissed this action without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477, 489 (1994).  (Doc. 4.)  Judgment was entered the same day.  (Doc. 5.)  Court records reflect that copies of the May 28, 2009 Order and Judgment were mailed to Plaintiff at his address of record and were not returned.

On April 2, 2012, Plaintiff filed an Application to Proceed Without Payment of Fees and Affidavit and a motion requesting copies of filings in this matter.  (Doc. 6 & 8.)  The Court will deny both motions.

---

[1] Plaintiff indicates that he is now confined in the Anchorage Correctional Complex West in Anchorage, Alaska.  (Doc. 8.)

1  Plaintiff's *in forma pauperis* application will be denied because this action has been
2  closed for nearly three years. Plaintiff's motion for copies will be denied because an inmate
3  has no right to free copies of pleadings. See In Re Richard, 914 F.2d 1526, 1527 (6th Cir.
4  1990) (*per curiam*) (28 U.S.C. § 1915 "does not give a litigant a right to have documents
5  copied and returned to him at government expense"); Robinson v. Miscellaneous, No.
6  09C0148, 2009 WL 1649697, at *4 (E.D. Wis. June 11, 2009); Joseph v. Director of Circle
7  K Corp., No. CV97-2214-PHX-RCB, 2008 WL 4838712, at *1 (D. Ariz. Nov. 5, 2008).
8  Further, the Ninth Circuit has rejected any constitutional right to unlimited free
9  photocopying. See Johnson v. Moore, 926 F.2d 921, 923 (9th Cir. 1991) (*per curiam*),
10 superceded on other grounds, 948 F.2d 517 (9th Cir. 1991) (*per curiam*); and Sands v. Lewis,
11 886 F.2d 1166, 1169 (9th Cir. 1989) (rejecting any constitutional right to free and unlimited
12 photocopying) (citing Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the
13 constitutional concept of liberty is, it does not include the right to xerox.")).

14  "The Supreme Court has declared that 'the expenditure of public funds [on behalf of
15 an indigent litigant] is proper only when authorized by Congress . . . .'" Tedder v. Odel, 890
16 F.2d 210, 211-12 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321
17 (1976)). The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes the Court to pay for
18 service of process on behalf of an indigent litigant and, in certain cases, to pay the costs of
19 printing the record on appeal and preparing a transcript of proceedings, but the statute does
20 not authorize the Court to pay the costs for an indigent litigant's general copy requests. Cf.
21 Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (section 1915 does not authorize the district
22 courts to waive payment of fees or expenses for witnesses); Tedder, 890 F.2d at 211-12
23 (same).

24  The Clerk of Court charges 50 cents per page for reproducing any record or paper.
25 See Judicial Conference Schedule of Fees ¶ 4, foll. 28 U.S.C. § 1914. Plaintiff may obtain
26 copies of documents filed in this case by submitting a written request accompanied by
27 payment of the 50 cents per page copy fee.

28

**IT IS ORDERED:**

(1) Plaintiff's post-judgment *in forma pauperis* application is **denied**.  (Doc. 6.)

(2) Plaintiff's motion for copies of this action is **denied**.  (Doc. 8.)

DATED this 8th day of May, 2012.

_____
David G. Campbell
United States District Judge